UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                          Chapter 13

Carlos B. Oxholm,                                               Case No. 11-46348

    Debtor.                                                     Hon. Phillip J. Shefferly
_____/

**ORDER DENYING DEBTOR'S EX PARTE MOTION FOR
EXTENSION OF TIME TO FILE CREDIT COUNSELING CERTIFICATE**

On March 9, 2011, the Debtor filed this Chapter 13 case. On March 11, 2011, the Debtor filed a motion (docket entry no. 8) seeking an extension of time to file a certificate of budget and credit counseling. The motion does not cite any Bankruptcy Code section or rule, but explains that the Debtor did not obtain budget and credit counseling prior to filing the bankruptcy petition because of exigent circumstances. The Debtor's motion requests that the Court grant the Debtor an extension of time to file the certificate of budget and credit counseling on an ex parte basis.

Section 109(h)(3)(A) of the Bankruptcy Code permits a debtor to obtain a waiver of the requirement of obtaining budget and credit counseling pre-petition, provided that the debtor files a certification that complies with § 109(h)(3)(A). The Bankruptcy Court for the Eastern District of Michigan has a specific local bankruptcy rule that sets forth the procedure for filing a motion under § 109(h)(3)(A). Local Bankruptcy Rule 1007-6 is entitled "Credit Counseling Compliance." Local Bankruptcy Rule 1007-6(a) provides that a debtor filing a certification under § 109(h)(3)(A) must file a motion for approval of the certification, serve it on all parties, and file a certificate of service. Further, the local rule provides that parties in interest have 14 days within which to object to the motion. If no timely response is filed, the certification shall be deemed satisfactory under § 109(h)(3)(A)(iii) without a hearing or further order. The

motion must be accompanied by a notice that the deadline to file responses is 14 days after service.

The Debtor's motion in this case seeks relief under § 109(h)(3)(A) of the Bankruptcy Code, but does not comply with L.B.R. 1007-6(a). That local rule does not permit the Debtor's motion to be considered on an ex parte basis. Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's motion (docket entry no. 8) for extension of time to file certificate of budget and credit counseling is denied without prejudice to the Debtor's right to file and serve a motion that complies with L.B.R. 1007-6(a).

.

**Signed on March 15, 2011**

             /s/ Phillip J. Shefferly
             Phillip J. Shefferly
             United States Bankruptcy Judge